**Motion Hearing Date: October 20, 2020**
**Motion Hearing Time: 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
In re:                                              :
:
ANTHONY L. MONTERO,                    :
:
Debtor.                :
:
-----------------------------------------------------------x

Chapter 7

Case No. 13-12843 (SCC)

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEBTOR'S MOTION TO REOPEN PROCEEDING

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274
rachael.doud@usdoj.gov

RACHAEL L. DOUD
Assistant United States Attorney
—Of Counsel—

**TABLE OF CONTENTS**

Page

BACKGROUND……………………………………………………………………….…1

ARGUMENT…………………………………………………………………………....2

    I.    DEBTOR'S CHAPTER 7 PROCEEDING SHOULD NOT BE REOPENED…....2

    II.    INSOFAR AS DEBTOR'S MOTION ACTUALLY SEEKS THE DISCHARGE OF HIS STUDENT LOAN DEBTS, IT MUST BE DENIED……………………………3

CONCLUSION……………………………………………………………………………5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brunner v. N.Y. State Higher Education Services Corp.*,
   831 F.2d 395 (2d Cir. 1987) ................................................................................. 2, 4

*Easterling v. Collecto, Inc.*,
   692 F.3d 229 (2d Cir. 2012) .................................................................................... 4

*In re Kapsin*,
   265 B.R. 778 (Bankr. N.D. Ohio 2001) ................................................................... 3

*In re Root*,
   318 B.R. 851 (Bankr. W.D. Mo. 2004) .................................................................... 3

*In re Velez*,
   604 B.R. 438 (Bankr. S.D.N.Y. 2019) ..................................................................... 2

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986) ...................................................................................... 2

*United Student Aid Funds, Inc. v. Espinosa*,
   559 U.S. 260 (2010) ................................................................................................ 4

**Statutes**

11 U.S.C. § 101 ............................................................................................................ 1

11 U.S.C. § 350(b) .................................................................................................... 1, 2

11 U.S.C. § 523(b) ....................................................................................................... 3

**Rules**

Fed. R. Civ. P. 60(b) .................................................................................................... 2

Fed. R. Bankr. P. 7001(6) ............................................................................................ 4

Fed. R. Bankr. P. 9024 ................................................................................................. 2

The United States of America, on behalf of the U.S. Department of Education ("DOE"), by its attorney Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to the motion of debtor Anthony L. Montero ("Debtor") to reopen his Chapter 7 case pursuant to 11 U.S.C. § 350(b) and for declaratory relief that his federal student loan debt is an undue hardship and should be discharged. For the reasons set forth below, Debtor's motion should be denied.

## BACKGROUND

1. On August 29, 2013, Debtor filed a voluntary petition (the "Petition") for relief pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (*See* Dkt. No. 1.)

2. The Petition listed as liabilities $90,531 in student loans, including $49,686 in loans serviced by FedLoan Servicing, a DOE loan servicer, and $33,689 owed to Sallie Mae. (Dkt. No. 1 at 8, 18.) Debtor did not initiate an adversary proceeding to seek the discharge of those student loans.

3. On December 11, 2013, the Court entered an order of discharge releasing Debtor from all dischargeable debts. (Dkt. No. 12.) The order of discharge stated that "[d]ebts for most student loans" are a common type of debt which is "<u>not</u> discharged in a chapter 7 bankruptcy case." (*Id.* at 2.)

4. On December 30, 2013, the case was closed.

5. On September 21, 2020, Debtor filed a motion (the "Motion") to reopen the Chapter 7 proceeding pursuant to 11 U.S.C. § 350(b) and seeking "declaratory relief that Debtor's student loan . . . is an undue hardship on the Debtor and should be discharged as required by section 523(a)(8)." (Dkt. No. 16 at 1.)

**ARGUMENT**

6. Debtor's motion should be denied for two reasons. First, Debtor has not made any showing that reopening his Chapter 7 proceeding after nearly seven years is warranted. Indeed, Debtor's submission makes no effort to explain the delay or why he would be entitled to discharge of his student loans. Second, insofar as Debtor's motion seeks the discharge of his student loan debt, such relief is available only through an adversary proceeding in which he must demonstrate undue hardship pursuant to the standard set forth in *Brunner v. N.Y. State Higher Education Services Corp.,* 831 F.2d 395 (2d Cir. 1987) (per curiam).

**I.  DEBTOR'S CHAPTER 7 PROCEEDING SHOULD NOT BE REOPENED**

7. The Bankruptcy Code provides that "[a] case may be re-opened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Federal Rule of Civil Procedure 60 (made applicable by Federal Rule of Bankruptcy Procedure 9024) allows the Court to reopen a bankruptcy case to facilitate a distribution or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). This rule "aims to strike a balance between serving the ends of justice and preserving the finality of judgments." *In re Velez*, 604 B.R. 438, 442 (Bankr. S.D.N.Y. 2019) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

8. Courts have "broad discretion to determine what constitutes cause for reopening a bankruptcy case." *Velez*, 604 B.R. at 442 (citations omitted). "[W]hen deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors." *Id.* "Additional factors include the availability of relief in another forum, whether the estate has been fully administered, and the length of time between the closing of the case and the motion to reopen." *Id.*

9. Here, Debtor has made no effort to establish that these factors weigh in favor of reopening the proceeding. He has not explained why he did not seek discharge of his student loan debts while the case was open; what, if anything, has changed in the interim; or why it would be an undue hardship for him to repay his loans. Meanwhile, the case has been fully administered and closed for seven years. Particularly given that Debtor's financial circumstances have likely changed during that time, that circumstance alone warrants denial of Debtor's motion. *See, e.g.*, *In re Root*, 318 B.R. 851 (Bankr. W.D. Mo. 2004) (unexplained delay of 13 years in seeking to reopen Chapter 7 proceeding to seek discharge of student loans, along with likelihood that debtor's financial circumstances had changed, warranted denial of motion to reopen). Further, if Debtor in fact has a basis to seek discharge of his loans—something his motion makes no effort to establish—he could initiate a new bankruptcy case for that purpose. *See In re Kapsin*, 265 B.R. 778 (Bankr. N.D. Ohio 2001) (denying motion to reopen brought eighteen months after case was closed, reasoning in part that, pursuant to 11 U.S.C. § 523(b), the debtor could seek discharge in the context of another bankruptcy proceeding, notwithstanding the fact that no action was brought in the prior bankruptcy to determine the dischargeability of the student loan debt).

## II.    INSOFAR AS DEBTOR'S MOTION ACTUALLY SEEKS THE DISCHARGE OF HIS STUDENT LOAN DEBTS, IT MUST BE DENIED

10. As for the component of Debtor's motion that purports to seek "declaratory relief that Debtor's student loan (the 'Debt') is an undue hardship on the Debtor and should be discharged as required by section 523(a)(8)" (Motion at 1), even if the Court were to reopen the case, this request for relief must be denied as premature and without basis.

11. First, Debtor cannot simply seek "declaratory relief" that he is entitled to discharge of his student loans. Instead, in order to obtain a discharge, Debtor must initiate an adversary

3

proceeding against DOE (or any other loan holders). *See* Fed. R. Bankr. P. 7001(6) (classifying "a proceeding to determine the dischargeability of a debt" as an adversary proceeding); *see also Easterling v. Collecto, Inc.*, 692 F.3d 229, 231-32 (2d Cir. 2012) ("To seek an undue hardship discharge of student loans, a debtor must commence an adversary proceeding by serving a summons and complaint on affected creditors." (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 268-69 (2010)).

12. Second, even once he filed an adversary proceeding, Debtor would be entitled to discharge of his student loan debt only if he could "demonstrate[], by a preponderance of the evidence, that requiring their repayment 'would impose an undue hardship on [him].'" *Easterling*, 692 F.3d at 232 (quoting 11 U.S.C. § 523(a)(8)). To meet that standard, he would have to show: "(1) that [he] cannot maintain, based on current income and expenses, a minimal standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that [he] has made good faith efforts to repay the loans." *Brunner*, 831 F.2d at 396. Debtor's motion does not so much as allege any facts that would support such a finding, let alone offer evidence in support of them.

13. Thus, even if this Court were to permit Debtor to reopen his seven-year-old bankruptcy case for the purpose of seeking discharge of his student loan debt—which it should not, for the reasons stated above—any further relief would have to be conditioned on his filing and successful prosecution of an adversary proceeding claiming undue hardship in repaying his loans.

4

## CONCLUSION

For the reasons set forth above, the United States of America respectfully requests that the Court deny Debtor's motion to reopen this Chapter 7 case.

Dated:  October 13, 2020
        New York, New York

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                    Acting United States Attorney for the
                                    Southern District of New York
                                    *Attorney for the United States of America*

                            By:     /s/ Rachael L. Doud
                                    RACHAEL L. DOUD
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    (212) 637-3274
                                    rachael.doud@usdoj.gov