**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 13-12843 (SCC) |
| | ) | Chapter 7 |
| ANTONY LUIS MONTERO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

WHEREAS, on August 29, 2013, Antony Montero (the "Debtor" or "Mr. Montero") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt. No. 1]; and

WHEREAS, on December 11, 2013, this Court entered an order releasing Mr. Montero from all dischargeable debts [Dkt. No. 12]; and

WHEREAS, on December 30, 2013, the Debtor's case was closed; and

WHEREAS, on September 21, 2020, Mr. Montero filed a motion to reopen the above-captioned case [Dkt. No. 16] (the "Motion to Reopen"); on October 13, 2020, the United States of America, on behalf of the U.S. Department of Education (the "DOE"), filed an opposition to the Motion to Reopen [Dkt. No. 19] (the "Objection"); and on October 15, 2020, Mr. Montero filed a reply to the Objection [Dkt. No. 20] (the "Reply"); and

WHEREAS, by the Motion to Reopen, Mr. Montero sought to reopen his chapter 7 case in order to seek declaratory relief that his student loan debt, which, as of the date of the Motion to Reopen totaled approximately $90,531, is an undue hardship and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code; and

1

WHEREAS, by the Objection, the DOE asserted that the Motion to Reopen should be denied because the Debtor had not made any showing that reopening his chapter 7 case after nearly seven years is warranted in that he had neither (i) explained why he did not seek a discharge of his student loan debts while his case was open, (ii) set forth any circumstances which have changed in the seven years since his case was closed, nor (iii) alleged any facts regarding why, pursuant to the standard set forth in *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), it would be an undue hardship for him to repay his student loans – now or then.  Further, the DOE argued that, insofar as the Motion to Reopen itself sought the discharge of the Debtor's student loan debts, such relief is required to be sought through the commencement of an adversary proceeding; and

WHEREAS, on October 20, 2020, this Court held a hearing on the Motion to Reopen (the "Hearing"); and

WHEREAS, section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause" and Federal Rule of Civil Procedure 60(b)(6) (made applicable by Federal Rule of Bankruptcy Procedure 9024) permits the Court to reopen a bankruptcy case to facilitate a distribution or for "any other reason that justifies relief;" and

WHEREAS, this Court has held that "[w]hen deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors.  Additional factors include the availability of relief in another forum, whether the estate has been fully administered, and the length of time between the closing of the case and the motion to reopen." *In re Velez*, 604 B.R. 438, 442

(Bankr. S.D.N.Y. 2019) (citation omitted).  Courts have "broad discretion to determine what constitutes cause for reopening a bankruptcy case." *Id.*; and

WHEREAS, after considering applicable law, the Motion to Reopen, the Objection, the Reply, and the arguments of the parties at the Hearing, the Court denied the Motion to Reopen on the record of the Hearing, finding that Mr. Montero did not establish cause to reopen his case. The Court found that that the factors set forth in *Velez* weighed in favor of denial of the Motion to Reopen, in that (i) seven years had passed since the case was fully administered and closed; (ii) Mr. Montero failed to explain the reason for the delay in seeking to reopen the case; and (iii) Mr. Montero's desire to litigate his entitlement to a discharge of his student loan debt, which debt was in existence at the time the case was open, could not in and of itself constitute cause to reopen the case.  In addition, the Court observed at the Hearing that, if in fact Mr. Montero believes he has a basis to seek discharge of his student loans, the easiest route might be to file a new bankruptcy case for that purpose; and

WHEREAS, on October 26, 2020, the Court entered an order [Dkt. No. 22] denying the Motion based on the reasons stated on the record of the Hearing; and

WHEREAS, on November 9, 2020, Mr. Montero filed a motion [Dkt. No. 23] (the "Reconsideration Motion") requesting that the Court reconsider its October 26, 2020 order denying the Motion to Reopen.  By the Reconsideration Motion, Mr. Montero argues that reconsideration is warranted because the Court purportedly overlooked (i) Second Circuit precedent "that states or at least strongly suggests that there is no expiration on a debtor's discharge with respect to initiating an adversary proceeding to obtain a determination of dischargeability of section 523(a)(8)" and (ii) the fact that none of the four different student loan creditors of the Debtor has yet demonstrated that its debt are non-dischargeable student loan

3

debts. Mr. Montero submits that the Court should have reopened his bankruptcy case to consider whether, at the very least, the debts of Navient (one of the four student loan creditors) were discharged; and

WHEREAS, on December 14, 2020, the DOE filed an Objection to the Reconsideration Motion [Dkt. No. 26] (the "Reconsideration Objection"), asserting that each argument advanced in the Reconsideration Motion was previously considered and rejected by this Court at the Hearing. The DOE submits that the Reconsideration Motion does not identify (i) a matter that the Court overlooked, (ii) controlling law that the Court did not consider, (iii) any change in controlling law, or (iv) any injustice that would result from failing to reopen the case; and

WHEREAS, although the Reconsideration Motion does not specify the rule under which the Debtor seeks reconsideration, the Court has considered the standard on a motion for reconsideration set forth in Federal Rules of Civil Procedure 59(e) and 60(b), made applicable to this Court pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively; and the Court has considered the statements of the United States Court of Appeals for the Second Circuit in *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012), that the standard for granting a motion for reconsideration is "strict" and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[;]" and the Court has further considered the statements of courts in this District that (i) reconsideration is an extraordinary remedy that must be employed sparingly, *see In re Loral Space & Communications Ltd.*, 346 B.R. 71 (S.D.N.Y. 2006); (ii) reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence, *see Aldo Ismael Perez Plaintiff, v. Terrestar Corp., et al. (In re: Terrestar Corp.)*, No. 11-10612 (SHL), 2016 WL 197621, at *3 (Bankr. S.D.N.Y. Jan. 15, 2016); and (iii) a motion for

reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *see Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, 2020 WL 5646107, at *1 (S.D.N.Y. September 21, 2020) (citation omitted); and

WHEREAS, the Court having reviewed the Reconsideration Motion and the Reconsideration Objection; and the Court having determined that, by the Reconsideration Motion, the Debtor has not identified any controlling decisions overlooked by the Court or manifest errors of fact or law made by the Court in denying the Motion to Reopen; and the Court having found that the Reconsideration Motion presents no newly discovered facts or evidence that were not raised in the Motion to Reopen or at the Hearing but instead merely attempts to advance new arguments (and repeat arguments already presented to the Court) in an effort to relitigate the Motion to Reopen; and, after due deliberation, and sufficient cause therefore, it is hereby

ORDERED, that the Reconsideration Motion is denied.

Dated: January 11, 2021
New York, New York                    /S/ Shelley C. Chapman
                                      HON. SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE

5